## Neel, Insurance Commissioner, etc., v. Neavling

*Addison M. Bowman, Jr.,* for plaintiff.

*J. Boyd Landis,* for defendant.

Reese, P. J., March 3, 1944.—Defendant herein appealed from a judgment of a justice of the peace in favor of plaintiff. Thereafter, on September 7, 1943, plaintiff filed a statement of claim which was served on defendant on September 10, 1943. On September 25, 1943, defendant filed in the prothonotary's office a motion to strike off the statement of claim. No copy of this motion was ever served on plaintiff or his attorney. On September 27, 1943, upon plaintiff's præcipe, judgment was entered against defendant for want of an affidavit of defense. Thereafter, on petition of defendant, a rule was granted to strike off the judgment. From the foregoing it appears that the motion to strike off plaintiff's statement was filed within the proper time but, because no copy of the motion was ever served on plaintiff or his attorney, there was a violation of section 21 of the Practice Act of 1915, as amended in 1923, 12 PS §491, which provides, inter alia, that a motion to strike from the record any pleading "shall be filed, and a copy thereof served upon the party filing such pleading, or his attorney, within 15 days after a copy of such pleading shall have been served upon the opposite party or his attorney". The syllabus in Uneek Utilities Corp. v. Good, 41 Lanc. 32, states that a copy of a motion to strike off a statement must be served on plaintiff within 15 days after service of a copy of the statement on defendant.

Defendant's rule to strike off the judgment is based solely on the fact that the judgment was entered while the motion to strike off the statement was pending. Plaintiff contends that the motion to strike off the statement is a nullity and may be totally disregarded, and for this position advances three reasons: (1) There should have been a rule, instead of a motion, to strike off the statement; (2) the motion to strike off was not verified by affidavit; (3) no copy of the motion to strike off was served upon plaintiff or his attorney within 15

days, as required by section 21 of the Practice Act of May 14, 1915, P. L. 483.

The first reason is untenable. Section 21 of the Practice Act, in authorizing the court to strike off pleadings, requires a motion, and a motion only. In disposing of such a motion the court sometimes grants a rule: 3 Standard Pennsylvania Practice 699. It is true that our Rule of Common Pleas 245 provides that a motion to strike off a pleading may be made by the entry of a rule in the office of the prothonotary. The language of our rule, however, is directory and not mandatory.

The second reason advanced by plaintiff for treating the motion to strike off as a nullity is likewise untenable. In 3 Standard Pennsylvania Practice 704, it is said:

"A motion . . . to strike off a pleading . . . is necessarily based upon a matter of record; it is not, therefore, necessary that an affidavit be subjoined to such a motion . . . in verification of the matters stated therein": Pine Grove National Bank v. Dietrich, 7 D. & C. 70.

The third reason advanced by plaintiff for ignoring the motion to strike off the statement presents a more difficult question, but, after due reflection, we find it to be without merit. A motion to strike off a statement of claim stops the running of the 15-day period during which defendant is required to file an affidavit of defense: 3 Standard Pennsylvania Practice 699; Lowenstein v. McGowan, 5 D. & C. 5; Paul v. Hargey, 10 D. & C. 82. Therefore, judgment for want of an affidavit of defense cannot be entered pending the motion to strike off the statement of claim: 4 Standard Pennsylvania Practice 197; Lukens v. Rea, 29 W. N. C. 65; Sulzer v. Gross, 1 D. & C. 719. The foregoing is undoubtedly the law where the motion to strike off the statement is filed and served within the 15-day period. We can see no reason why the law should be different

where the motion to strike off the statement is filed or served more than 15 days after the service of plaintiff's statement. If plaintiff were permitted to take judgment by default, pending the disposition of such a motion, it would place him in the position of passing upon the motion then pending before the court and determining it in his own favor. While it may be true that the court would undoubtedly determine, upon argument of the motion to strike off the statement, that it was filed or served after the expiration of the 15-day period, until such action is taken by the court the plaintiff cannot, of his own motion, enter judgment by default for want of an affidavit of defense. Such a result was reached in Kushie v. United Russian Orthodox Brotherhood, 6 Schuyl. Reg. 232, where a motion to strike off a statement was filed and served 29 days after the service of plaintiff's statement. Shortly thereafter judgment for want of an affidavit of defense was entered, and this judgment was stricken off by the court because of the pendency of the motion to strike off plaintiff's statement, even though the latter motion was made beyond the 15-day period.

From the foregoing we conclude that the judgment for want of an affidavit of defense was premature and must be stricken off. Furthermore, we can see no point in delaying this matter further by waiting until the motion to strike off the statement is placed on the argument list. Inasmuch as no copy of the motion to strike off the statement was served within the period required by section 21 of the Practice Act, the motion to strike off must be overruled, and we shall do so at this time.

And now, March 3, 1944, the motion to strike off plaintiff's statement of claim is overruled, and the judgment heretofore entered in favor of plaintiff for want of an affidavit of defense is hereby stricken off, and defendant is granted 15 days from this date within which to file an affidavit of defense.